[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 11, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10378
Non-Argument Calendar

_____

D. C. Docket No. 05-00034-CR-4-MMP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARON D. ALEXANDER,
a.k.a. Parron Alexander,
a.k.a. Daron Walker,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 11, 2006)**

Before TJOFLAT, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Daron D. Alexander appeals his 180-month sentence for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).[1] Specifically, he argues the district court violated 18 U.S.C. § 3553(a)—which, in relevant part, requires a district court to "impose a sentence sufficient, but not greater than necessary"—because it failed to state on the record that his sentence was "not greater than necessary." We affirm.

The parties are familiar with the facts, and we do not recount them here. Following *United States v. Booker*, 125 S. Ct. 738 (2005), § 3553(a) "'remains in effect, and sets forth numerous factors that guide sentencing. Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable.'" *United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005) (quoting *Booker*, 125 S. Ct. at 766). Although *Booker* directs district courts to consider the § 3553(a) factors, "nothing in *Booker* or elsewhere requires a district court to state on the record that it has explicitly considered each of the § 3553(a) factors or to discuss each of the § 3553(a) factors." *United States v.*

---

[1] The mandatory statutory minimum sentence for Alexander's offense is 180 months, which is greater than his advisory Guidelines range of 135-168 months; thus, pursuant to U.S.S.G. § 5G1.1(b), his Guidelines sentence is also 180 months. Because the Government did not file a substantial assistance motion, the district court lacked discretion to sentence him below this 180-month sentence. *See United States v. Shelton*, 400 F.3d 1325, 1333 n.10 (11th Cir. 2005) (explaining that district courts remain bound by statutory minimums despite *Booker*'s remedial holding that the Guidelines are merely advisory). Although Alexander concedes that "the district court had no discretion but to impose the 180-month sentence," he nevertheless brings this appeal because he believes "it will change the [sentencing] process."

*Scott*, 426 F.3d 1324, 1328-29 (11th Cir. 2005). Rather, a statement that the district court considered the § 3553(a) factors is sufficient in post-*Booker* sentences. *Id*. at 1329.

After carefully reviewing the sentencing transcript, the parties' briefs, and the relevant case law, we reject Alexander's argument that the district court violated § 3553(a) by failing to state on the record that his sentence was "not greater than necessary." At the sentencing hearing, the district court stated it considered the § 3553(a) factors and "the facts and circumstances surrounding this particular case" before imposing the mandatory statutory minimum sentence of 180 months' imprisonment. As explained above, such statements alone are sufficient to support a post-*Booker* sentence.[2] We thus affirm Alexander's 180-month sentence.

**AFFIRMED.**

---

[2] To the extent Alexander implicitly contends his sentence is "greater than reasonable" (i.e., unreasonable), we conclude he has failed to carry his burden of establishing his sentence is unreasonable in light of the § 3553(a) factors. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).